■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNICE GRIFFIN, Appellant.— HERLIHY, J. Appeal by the defendant from a judgment of conviction of count 3 and count 4 of an indictment charging violation of section 973 of the former Penal Law and subdivision 1 of section 130 of the Alcoholic Beverage Control Law. The defendant was originally indicted for the crime of keeping a disorderly house (first count), living on the proceeds of prostitution (second count), keeping a gaming and betting establishment (third count) and selling alcoholic beverages without a license (fourth count). The defendant's counsel made the appropriate motions to dismiss at the close of the People's case and the court then dismissed the second count for lack of proof. The motions were renewed at the end of the entire case and were denied by the court. After a jury verdict of guilty on the remaining three counts, the court set aside the conviction on the first count and dismissed that charge. The defendant's sole contention on this appeal is that the failure of the court to dismiss the first count prior to submitting the case to the jury was error and necessarily prejudiced the jurors' consideration as to guilt on the third and fourth counts. From an examination of the record it is apparent that the

evidence presented a factual issue as to the first count of the indictment of sufficient substance to require its submission to the jury but whether or not the court erred in such submission, no prejudice resulted therefrom. The court in dismissing this count thereafter gave no reason for its decision and the issue is not before this court, no appeal having been taken therefrom. The charge of the court was clear, understandable and adequate as to each count of the indictment and the requisites necessary for conviction thereunder. Beyond that and as part of an excellent charge, the court stated: "Moreover, you must not let the evidence which was received on one count influence your verdict on any other count, unless, of course, such evidence refers to one or more counts. For example, if you decide that the Defendant satisfies you beyond a reasonable doubt that the Defendant violated the Alcoholic Beverage Control Law, you should not decide merely on that charge. If you do find her guilty that she should also be found guilty on one or more of the other counts, in short, you should not let the evidence on one count overflow into another count, unless, of course, it relates to that count." There is an additional ground for affirmance. The evidence as to counts 3 and 4 of the indictment establishes beyond a reasonable doubt the guilt of the defendant and, under the circumstances, there is no showing of material prejudice sufficient to require a reversal of the conviction under counts 3 and 4 of the indictment. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Herlihy, J.